IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SUSAN M. REPASS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-2686-L** |
| | § | |
| **AT&T PENSION BENEFIT PLAN,** | § | |
| **AT&T SERVICES, INC., as the Plan** | § | |
| **Administer of the AT&T PENSION** | § | |
| **BENEFIT PLAN, and AT&T** | § | |
| **MOBILITY SERVICES, LLC,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Joint Motion to Dismiss Plaintiff's Breach-of-Fiduciary-Duty and Estoppel Claims Under Rule 12(b)(6) (Doc. 9), filed January 28, 2015. After careful review of the motions, pleadings, and applicable law, the court **grants in part and denies in part** Defendants' Joint Motion to Dismiss Plaintiff's Breach-of-Fiduciary-Duty and Estoppel Claims Under Rule 12(b)(6) (Doc. 9).

## I.     Procedural and Factual Background

On July 25, 2014, Plaintiff Susan M. Repass ("Plaintiff") filed her Original Complaint (Doc. 1), alleging claims for ERISA violations, breach of fiduciary duty, and common law estoppel. This lawsuit arises from a dispute concerning the Money Cash Balance Program of the AT&T Pension Benefit Plan ("Plan").

Plaintiff alleges that, since November 1, 2007, she has worked as a Lead ICB Pricing Manager with an AT&T affiliate ("AT&T OPS") in Dallas, Texas. According to Plaintiff, she was

previously employed with AT&T Teleholdings, Inc. ("AT&T Teleholdings") from February 22, 1993, to June 28, 2000, and with AT&T Global Services ("AT&T Global") from May 14, 2001, to October 4, 2001.

Plaintiff alleges that Wendy Meadows ("Ms. Meadows"), an AT&T Staffing Manager, represented to her that her prior employment with AT&T affiliates would be included as part of her term of employment for AT&T's employee pension program.  Specifically, Plaintiff contends that Ms. Meadows expressly stated that Plaintiff's employment with AT&T Teleholdings from 1993-2000 and her employment with AT&T Global in 2001 would be bridged for purposes of the Plan upon completing five years of service.  Plaintiff alleges that, relying on Ms. Meadows representations, she accepted a position with AT&T OPS on November 1, 2007.

After Plaintiff completed five years of continuous service, she asserts that Fidelity Service Center informed her that her prior periods of employment with AT&T affiliates were bridged. Plaintiff brings this lawsuit, however, because Fidelity Service Center only bridged her prior period of service with AT&T Global from the period of May 2001 to October 2001, but it did not bridge her prior period of service with AT&T Teleholdings from the period of February 22, 1993 to June 28, 2000, which, according to Plaintiff, amounted to a denial of seven years of prior service.

According to Plaintiff, she, then, filed a written claim with Fidelity Service Center on November 23, 2012, and, on February 22, 2013, Fidelity Service Center denied her claim.  Plaintiff asserts that, on April 25, 2013, she appealed to the Benefits Plan Administrator and that, on July 25, 2012, the Benefits Plan Committee denied her request.  Plaintiff ultimately filed this action on July 25, 2014, alleging claims for ERISA violations under 29 USC § 1132(a)(1)(B), breach of fiduciary duty, and promissory estoppel.

**Memorandum Opinion and Order - Page 2**

## II.    Legal Standard

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).   A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.   The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).   While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Twombly,* 550 U.S. at 555 (citation omitted).   The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."   *Id.*   (quotation marks, citations, and footnote omitted).   When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief.   *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.   *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings.   *Id.*; *Spivey v. Robertson*, 197

F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial

of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof

to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

## III.   Analysis

Defendants contend that Plaintiff has failed to state a claim upon which relief can be granted

for the claims for promissory estoppel and breach of fiduciary duty.  The court evaluates each of

these contentions in turn.

### A.   Promissory Estoppel

Defendants contend that ERISA preempts Plaintiff's promissory estoppel claim.  Specifically,

Defendants contend that "Plaintiff's estoppel claim seeks to enforce Plaintiff's rights and benefits

under the [AT&T Pension Benefit] Plan." Defs.' Joint Mot. to Dismiss 4 (quotation and citation

omitted).  The court notes that Plaintiff did not file a response to Defendants' Motion to Dismiss.

ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate

to any employer benefit plan."  29 U.S.C. § 1144(a).  ERISA conflict preemption applies under 29

U.S.C. § 1144(a) if the state law claims "relate to" an ERISA plan.  29 U.S.C. § 1144(a); *Bank of

Louisiana*, 468 F.3d at 241; *see also Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d

420, 432 (5th Cir. 2004) ("Although the term 'relate to' is intended to be broad, 'pre-emption does

not occur . . . if the state law has only a tenuous, remote, or peripheral connection with covered

plans, as is the case with many laws of general applicability.'") (citations omitted).

Because ERISA preemption is an affirmative defense, Defendants bear the burden of proof.

*Access Mediquip L.L.C. v. UnitedHealthcare Ins. Co.*, 662 F.3d 376, 382 (5th Cir. 2011) ("ERISA

preemption is an affirmative defense [that] must be prove[d] by the defendant at trial.") (footnote

omitted).[1]  Whether ERISA preempts a state-law cause of action turns on whether it "is dependent on, and derived from[,] the rights of the plan beneficiaries to recover benefits under the terms of the plan." *Id.* at 383.  "If the facts underlying a state law claim bear some relationship to an employee benefit plan, we evaluate the nexus between ERISA and state law in the framework of ERISA's statutory objectives." *Mayeaux*, 376 F.3d at 432 (citations omitted).

At this stage, Plaintiff has alleged sufficient facts to support her claim for promissory estoppel, and dismissal is not appropriate under these circumstances.  The court determines that the case cited by Defendants is distinguishable.  *See Meyers v. Texas Health Resources*, No. 09-1402, 2009 WL 3756323, at *3-5 (N.D. Tex. Nov. 9, 2009) (granting the defendant's motion to dismiss and determining that ERISA preempted the plaintiff's claim for promissory estoppel).  In *Meyers*, the court determined that ERISA preempted the plaintiff's promissory estoppel claim because the "claim of estoppel addresse[d] [plaintiff's] right to receive benefits under the terms of an ERISA plan." *Id.* at *8.  Defendants contend that, because Plaintiff's claim for promissory estoppel seeks benefits under the Plan, ERISA preempts the claim.

The court determines that, at this stage, Plaintiff has alleged sufficient facts to state a claim for promissory estoppel.  While Defendants fail to cite and analyze relevant authority regarding the circumstances under which ERISA preemption does not apply and Plaintiff failed to file a response to fill this gap, the court nevertheless addresses the applicable law.

---

[1] To establish preemption, a defendant must prove that:

(1) the state law claims address an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claims directly affect the relationships among traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries.

*Access Mediquip L.L.C.*, 662 F.3d at 382 (internal citations and quotation marks omitted).

ERISA does not preempt a claim for promissory estoppel when the "misrepresentation claims do not depend on whether its services were or were not fully covered under the patients' plans." *Access*, 662 F.3d at 385 (involving summary judgment but explaining ERISA preemption as it applied to misrepresentation claims); *see also Mid-Town Surgical Center, LLP v. Humana Health Plan of Texas, Inc.*, 16 F. Supp. 3d 767, 781 (S.D. Tex. 2014) (denying the defendant's motion to dismiss because Plaintiff alleged sufficient facts to support a claim for promissory estoppel and negligent misrepresentation because "[c]onsultation of the plans' terms is thus not necessary to evaluate whether United's agents' statements were misleading.").

Plaintiff alleges that Ms. Meadows made specific representations regarding her pension benefits and that she acted in reliance on those representations. Plaintiff alleges that Ms. Meadows made representations that she would receive credit for her time at AT&T affiliates. Thus, regardless of whether Plaintiff is entitled to receive the credit, she asserts that she relied on Ms. Meadows's representations to conclude she would receive it.

The court determines that Plaintiff has alleged sufficient facts, at this stage, to assert a claim for promissory estoppel. Plaintiff alleges misrepresentations for which Defendants would be liable irrespective of the existence of her benefits under her ERISA pension plan. Moreover, Defendants did not address these cases in their brief and, therefore, failed to carry their burden to establish that dismissal is warranted. Accordingly, the court will deny Defendants' motion to dismiss Plaintiff's claim for estoppel.

### B.    Breach of Fiduciary Duty

Defendants contend that the possibility for recovery under ERISA precludes Plaintiff from asserting a separate claim for breach of the fiduciary duty. Defendants cite one case, which relates

to a motion for summary judgment, in support of their request for dismissal. *See Hutchinson v. Reliastar Life Ins. Co.*, No. 3:06-CV-1122-B, 2007 WL 2687610, *6 (N.D. Tex. Sept. 12, 2007) (granting the defendant's motion for summary judgment as to the plaintiffs' common law claim for breach of fiduciary duty). Despite the inadequacies in Defendants' briefing, the court determines that Plaintiff's claim for breach of the fiduciary duty should be dismissed, because her claim for wrongful denial of benefits under 29 U.S.C. § 1132(a)(1)(B) precludes her from asserting a claim for breach of the fiduciary duty under section 29 U.S.C. § 1132(a)(3).[2]

As a preliminary matter, the court notes that Plaintiff does not cite 29 U.S.C. § 1132(a)(3), in her Complaint; however, based on the allegations therein contained, the court determines that Plaintiff seeks relief for Defendants' alleged breach of fiduciary duties under ERISA. This is so because the entirety of Plaintiff's breach of fiduciary duty claim relates to duties arising under ERISA. Specifically, Plaintiff alleges:

> AT&T Services Inc. is a fiduciary of the Plan in that it is the Plan Administrator. Fidelity Service Center appears to operate as the agent for AT&T Services Inc. with regard to the administration of the Plan. AT&T Services Inc. or its agent, Fidelity Service Center, exercised discretionary control over the operation or administration of the Plan, and the decision to deny Plaintiff's claim for inclusion of all of per prior service periods in her NCSD was arbitrary, illegal, capricious, unreasonable, discriminatory and not made in good faith and violates ERISA provisions.

Pl.'s Orig. Compl. ¶ 15. Therefore, viewing all of the facts in the light most favorable to Plaintiff, she has only alleged facts to support a claim for breach of fiduciary duty under ERISA.

---

[2] Plaintiff also cannot sustain a breach of fiduciary duty claim under 29 U.S.C. § 1132 (a)(2), as this subsection "must be premised upon harm to the entire Plan, rather than harm to a particular individual." *Constantine v. Am. Airlines Pension Benefit Plan*, 162 F. Supp. 2d 552, 556 (N.D. Tex. 2001). Under 29 U.S.C. § 1132 (a)(3), "an individual may bring suit against a fiduciary on her own behalf, rather than on behalf of the Plan as a whole," and the court bases its analysis on this subsection. *Id.*

Plaintiff cannot maintain a claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3) because 29 U.S.C. § 1132 (a)(1) provides adequate redress for her. *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998) ("Because [the plaintiff] has adequate redress for disavowed claims through [her] right to bring suit pursuant to section 1132(a)(1), [s]he has no claim for breach of fiduciary duty under section 1132(a)(3)."); s*ee also Copus v. Life Ins. Co. of North America*, 07-0113, 2008 WL 508482, at *2 (N.D. Tex. Feb. 26, 2008) (granting the defendant's motion to dismiss because "[i]n this action, Plaintiff has asserted a claim for benefits under section 1132(a)(1)(B)" and the plaintiff could not "simultaneously maintain a claim for breach of fiduciary duty under section 1132(a)(3)."); *Stalls v. Liberty Fin. Corp.*, 98-2722, 1999 WL 134511, at *3 (N.D. Tex. March 8, 1999) (determining that plaintiffs cannot plead § 1132(a)(3) as an alternative claim because "[i]n *Varity,* the Court held that § 1132(a)(3) is a 'catchall' provision that act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that § [1132] does not elsewhere adequately remedy.") (citations and internal quotation marks omitted).  Because Plaintiff's claim under "[s]ection 1132(a)(1)(B) expressly provides [her] with an adequate remedy by allowing [her] to recover benefits due [her] under the terms of [her] plan," she cannot maintain a breach of fiduciary claim under ERISA.  *Id.* (quotations omitted).  Accordingly, the court will dismiss Plaintiff's claim under § 1132(a)(3).

## IV.    Amendment of Pleadings

Although Plaintiff did not file a response and, therefore, did not request an opportunity to amend, the court nevertheless considers whether amendment of pleadings is appropriate under these circumstances.  The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation.  The decision

to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

The court determines that any amendment of pleadings would be futile and would cause unnecessary delay in the resolution of Plaintiff's claims. The court has already determined that Plaintiff has an adequate remedy under § 1132(a)(1)(B), and, therefore, she cannot simultaneously maintain a claim for breach of the fiduciary duty. Accordingly, the court will not allow Plaintiff an opportunity to amend her pleadings.

## V.      Conclusion

For the reasons herein stated, the court **grants in part** and **denies in part** Defendants' Joint Motion to Dismiss Plaintiff's Breach-of-Fiduciary-Duty and Estoppel Claims Under Rule 12(b)(6) (Doc. 9). The court **denies** Defendants' motion as it relates to Plaintiff's promissory estoppel claim and **grants** their motion as it relates to Plaintiff's breach of fiduciary duty claim. Accordingly, the court **dismisses with prejudice** Plaintiff's claim for breach of fiduciary duty. Plaintiff's claim for ERISA violations under 29 U.S.C. § 1132(a)(1)(B) and Texas common law estoppel remain.

**It is so ordered** this 25th day of August, 2015.

Sam A. Lindsay
United States District Judge